

FILED
2013 Jul-08  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON C. WOODHAM,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**NORFOLK SOUTHERN** )<br>**RAILWAY COMPANY and** )<br>**NORFOLK SOUTHERN** )<br>**CORPORATION,** )<br>)<br>    **Defendants.** ) | **CASE NO.:**<br><br>**2:13-cv-01098-LSC** |

### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Norfolk Southern Corporation, a defendant in the above-styled cause, and for answer to plaintiffs' complaint says as follows:

### FIRST DEFENSE

The complaint, in whole or in part, fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Except to the extent expressly admitted hereinbelow in response to the specific numbered paragraphs of the complaint, defendant denies each and every material averment of plaintiffs' complaint.

2.

## Parties, Jurisdiction & Venue

1.      Admitted on information and belief.

2.      Admitted.

3.      Admitted that Norfolk Southern Corporation is a Virginia corporation with its principal place of business in Virginia.

4.      No response required.

5.      Admitted that this Court has subject matter jurisdiction over this action.

6.      Admitted that venue is proper in this division and district.

## Facts

7.      Norfolk Southern Corporation admits only that it is engaged in interstate commerce and that Norfolk Southern Railway Company employs the plaintiff in furtherance of commerce.

8.      Admitted, except that plaintiff was employed by Norfolk Southern Railway Company and not by Norfolk Southern Corporation.

9.      Admitted that plaintiff sustained some injury to his left shoulder in an on-the-job incident while working for Norfolk Southern Railway Company on February 6, 2012, in Norris Yard, Irondale, Alabama.

{B0570880.1}

3.

10.    Admitted that plaintiff's job at the time of the incident at issue was to serve as a watchman/lookout for locomotive and train movements in the area where his co-worker was working on a switch, and that plaintiff was struck by a remotely operated locomotive during the time he was supposed to be performing his task of watchman/lookout.

11.    Denied.

12.    Admitted.

13.    Norfolk Southern Corporation understands that plaintiff was given and accepted prescriptions while at the hospital.  Defendant is without information or belief sufficient to form a belief as to the truth of the averments of this paragraph regarding what plaintiff's supervisor at the time allegedly said.

14.    Denied.

15.    Norfolk Southern Corporation expressly denies the allegations of negligence on the part of it and Norfolk Southern Railway Company. Defendant admits that on February 24, 2012, plaintiff was sent notification to report for a formal investigation, pursuant to the procedures of the applicable collective bargaining agreement, to determine his responsibility in connection with failing to properly and safely perform Roadway Worker

4.

Protection / Watchman Lookout duties at Norris Yard on February 6, 2012. Defendant further avers that on March 12, 2012, plaintiff voluntarily and in writing waived his right to a formal investigation and accepted responsibility for his failure in connection with failing to properly and safely perform Roadway Worker Protection / Watchman Lookout duties at Norris Yard on February 6, 2012.

16.     Norfolk Southern Corporation admits that no other employee was disciplined in connection with the incident at issue because no one else was at fault.   Defendant expressly denies the implicit allegations of negligence as well as the allegation that there was anything "improper" about the locomotive being allowed into the area.

17.     Norfolk Southern Corporation denies the allegations in the first sentence of paragraph 17 of the complaint.  Defendant admits that on March 12, 2012, plaintiff in writing waived his right to a formal investigation and accepted responsibility for his failure in connection with failing to properly and safely perform Roadway Worker Protection / Watchman Lookout duties at Norris Yard on February 6, 2012.  Defendant further admits and avers that plaintiff acknowledged his understanding in writing at that time that he was accepting discipline consisting of fifteen

5.

(15) days actual suspension, fifteen (15) days deferred suspension, with a two hundred seventy (270) day probationary period. Defendant further admits that by voluntarily signing this document, plaintiff was precluded from appealing the discipline under the collective bargaining agreement.

18. Denied.

19. Defendant admits that plaintiff filed a complaint with the OSHA Regional Director (Case No. 4-0350-12-0310) alleging retaliation for reporting a work-related injury. It appears from the copy of the complaint received by defendant that it was filed on June 7, 2012.

20. Defendant admits that on October 31, 2012, the OSHA Area Director found that there was no reasonable cause to believe that defendant had violated the FRSA.

21. Admitted.

22. Admitted.

23. Norfolk Southern Corporation admits only that no final decision has been made by the Secretary of Labor and denies the remaining allegations of paragraph 23 of the complaint.

### Causes of Action

### Count One:  FELA Negligence Personal Injury Claims

6.

24.    Defendant reaffirms, ratifies, adopts, and incorporates by reference as if fully restated herein its responses stated above to plaintiff's factual allegations.

25.    No response required, although defendant denies that plaintiff is entitled to damages under the FELA, against Norfolk Southern Corporation.

26.    Defendant admits only that plaintiff apparently sustained some shoulder injury in the 2/6/12 incident and that he lost some wages in the past as a result.  Defendant denies all remaining averments concerning plaintiff's damages, and defendant specifically denies that plaintiff is entitled to recover any of his claimed damages.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

Defendant opposes each and every element of plaintiff's requested remedies.  Defendant requests this Court to enter judgment in defendants' favor and against the plaintiff and to award defendants their costs as allowed by law.

{B0570880.1}

7.

Count Two:  FELA Absolute Liability Personal Injury Claims

31.    Defendant reaffirms, ratifies, adopts, and incorporates by reference as if fully restated herein its responses stated above to plaintiff's factual allegations.

32.    Denied.  Defendant further specifically denies the allegation that it violated the referenced FRA Roadway Worker Protection regulations.

Defendant opposes each and every element of plaintiff's requested remedies.  Defendant requests this Court to enter judgment in defendants' favor and against the plaintiff and to award defendants their costs as allowed by law.

Count Three:  FRSA Retaliation Claims

33.    Defendant reaffirms, ratifies, adopts, and incorporates by reference as if fully restated herein its responses stated above to plaintiff's factual allegations.

34.    No response required, although defendant denies that plaintiff is entitled to damages under the FRSA.

8.

35.     Defendant admits that plaintiff sustained some injury in the incident referenced above.  To the extent not admitted, the remaining allegations of paragraph 35 are denied.

36.     Defendant admits that plaintiff sustained some injury in the incident referenced above. To the extent not admitted, the remaining allegations of paragraph 36 are denied.

37.     Defendant admits that plaintiff was charged with a violation of his duties and responsibilities as a watchman, that he admitted the violation and accepted the discipline for his conduct.  To the extent not admitted, the remaining allegations of paragraph 37 are denied.

38.     Denied.

39.     Denied.

Defendant opposes each and every element of plaintiff's requested remedies.  Defendant requests this Court to enter judgment in defendants' favor and against the plaintiff and to award defendants their costs as allowed by law.

<u>Count Four:  FRSA Interference with Medical Treatment Claims</u>

9.

40.    Defendant reaffirms, ratifies, adopts, and incorporates by reference as if fully restated herein its responses stated above to plaintiff's factual allegations.

41.    No response required, although defendant denies that plaintiff is entitled to damages under the FRSA.

42.    Denied.

43.    Denied.

Defendant opposes each and every element of plaintiff's requested remedies.  Defendant requests this Court to enter judgment in defendants' favor and against the plaintiff and to award defendants their costs as allowed by law.

## THIRD DEFENSE

Defendant avers that plaintiff himself was guilty of negligence and that such negligence on his part was the sole proximate cause of his injuries and damages, if any.

## FOURTH DEFENSE

Defendant avers that plaintiff himself was guilty of negligence and that such negligence on his part proximately contributed to cause his injuries and damages, if any.

{B0570880.1}

10.

## FIFTH DEFENSE

Plaintiff failed to mitigate damages.

## SIXTH DEFENSE

Defendant avers that the plaintiff's alleged injuries, if any, were caused by preexisting conditions, or other conditions or factors.

## SEVENTH DEFENSE

Defendant denies that any of its actions or omissions or the acts or omissions of its agents and employees proximately caused the plaintiff's alleged injuries, if any.

## EIGHTH DEFENSE

Plaintiff's alleged cause of action is precluded by federal law or regulations covering the subject matter of plaintiff's claim which defendant fully complied with and defendant has breached no duty to plaintiff.

## NINTH DEFENSE

Some or all of plaintiff's claims are preempted, precluded, or superseded by federal law.

11.

## TENTH DEFENSE

To the extent plaintiff would seek to impose a duty on this defendant pursuant to or by means of a duty or law under state law, any such claim or duty is preempted, precluded, or superseded by federal law.

## ELEVENTH DEFENSE

In the alternative, without waiving its denial of liability to plaintiff, defendant avers that it is entitled to apportionment of any awarded damages against it among other parties and/or other causes which contributed to plaintiff's alleged injuries and damages.

## TWELFTH DEFENSE

Under no event can plaintiff have a double recovery or recover separately under the separate counts of his complaint for wages lost during the period of time when he was off from work due both to his claimed personal injuries and to the disciplinary suspension from work which he accepted in connection with his admitted responsibility in failing to properly perform his duties as outlined above.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification.

{B0570880.1}

12.

## FOURTEENTH DEFENSE

Plaintiff's complaint includes claims brought under both the FELA and the FRSA retaliation statute which present separate issues of liability, separate elements of proof and would permit the recovery of punitive damages under the FRSA which are not available under the FELA, thus requiring separate trials to avoid prejudice to the defendants.

## FIFTEENTH DEFENSE

Plaintiff's complaint includes an FELA claim which involves separate issues of liability, separate elements of proof and separate damages, thus requiring separate trials to avoid prejudice to Norfolk Southern Corporation's defense of the FRSA claim.

## SIXTEENTH DEFENSE

Plaintiff's complaint includes an FRSA retaliation claim against Norfolk Southern Corporation, which involves separate issues of liability, separate elements of proof, and permits the recovery of punitive damages not available under the FELA, thus requiring separate trials to avoid prejudice to NSRC's defense of the FELA claim.

13.

## SEVENTEENTH DEFENSE

To the extent that Plaintiff seeks relief for events that were never made the subject of a specific claim, or amendment to an existing claim, before the Occupational Safety and Health Administration ("OSHA"), such recovery is barred by Plaintiff's failure to exhaust administrative prerequisites to such relief.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff seeks relief for events that occurred more than 180 days before this action was filed, but which events were never made the subject of a specific claim, or of an amendment to an existing claim, before OSHA, any relief is now barred by the statute of limitations applicable thereto.

## NINETEENTH DEFENSE

Even if Plaintiff could prove an unlawfully retaliatory motive for any of his claims, which Defendant denies, Plaintiff's claims fail in whole or in part because Defendant would have made the same employment decisions notwithstanding any retaliatory motive.

14.

### TWENTIETH DEFENSE

To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

### TWENTY-FIRST DEFENSE

Any award of punitive damages or vindictive damages will violate the procedural safeguards guaranteed to Defendant by the Fifth and Sixth Amendments to the United States Constitution in that such damages are penal in nature.   Consequently, Defendant is entitled to the same procedural safeguards afforded criminal defendants, including the protection from self incrimination and a burden of proof equivalent to the "beyond a reasonable doubt" standard.   Plaintiff's claims for punitive and vindictive damages are consequently barred.

### TWENTY-SECOND DEFENSE

To the extent, if any, to which the Secretary of Labor's delay in rendering a final decision on Plaintiff's claims extended beyond 210 days

{B0570880.1}

15.

due to Plaintiff's bad faith, this Court lacks jurisdiction over the subject matter of this action.

s/ Sydney F. Frazier, Jr.
Sydney F. Frazier, Jr.
ASB-1049-R47S


s/ John M. Graham
s/ John M. Graham, Jr.
ASB-5616-G70J

Attorneys for defendant Norfolk Southern Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 8th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. William C. Tucker, Jr.
Petway, Tucker & Bargainier L.L.C.
2001 Park Place North, Suite 510
Birmingham, Alabama  35203


s/ Sydney F. Frazier, Jr.
OF COUNSEL

{B0570880.1}